IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

EARL R. MAYFIELD,

    Plaintiff,

vs.                                      No. CV 17-00237 RJ/CG

MAIN WARDEN JOHN DOE and
ASSC WARDEN MR. LYLE,

    Defendants.

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

THIS MATTER is before the Court sua sponte under Fed. R. Civ. P. 8(a) and 12(b)(6) and 28 U.S.C. § 1915(d)(2)(B) on the Petition for Writ of Habeas Corpus filed by Earl R. Mayfield on February 15, 2017 (Doc. 1), which the Court construes as a prisoner civil rights complaint ("Complaint"), and on multiple amendments, letters, and motions to amend the Complaint. The Court will dismiss Mayfield's Complaint without prejudice for failure to state a claim for relief, will strike Mayfield's amended complaint and deny his motions to amend for failure to meet the requirements of Rule 8(a), and will grant Mayfield leave to file a single, comprehensive, and factually specific amended complaint. Also before the Court are Mayfield's two motions to consolidate this case with *Earl R. Mayfield v. Craig Cole, et al.*, No. CV 17-00332 WJ/KK. (Doc. 9, 12). The Court will also deny the motions to consolidate.

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff Mayfield is proceeding pro se and *in forma pauperis*. He has filed five cases in this Court: *Earl R. Mayfield v. Joe Garcia, et al.*, No. CV 16-00805 JB/WPL; *Earl Mayfield v. Tom Ruiz*, No. CV 17-00193 JCH/LAM; *Earl R. Mayfield v. Main Warden John Doe, et al.*, No.

1

CV 17-00237 RJ/CG; *Earl R. Mayfield v. Craig Cole, et al.*, No. CV 17-00332 WJ/KK and *Earl R. Mayfield v. Presbyterian Hospital Administration*, No. CV 17-00398 MCA/KRS. Each of the lawsuits involves different claims for relief against different defendants and correctional facilities. The Court has received multiple, largely incomprehensible, filings from Plaintiff Mayfield, which he often requests be filed in multiple pending cases regardless of whether the filings are relevant to all or even any of the cases.

Mayfield originally filed this proceeding as a petition for writ of habeas corpus. (Doc. 1). However, his initial pleading alleges a laundry list of complaints relating to conditions of incarceration at Central New Mexico Correctional Facility, ranging from lack of access to the prison grievance system to medical malpractice to the service of "cold" meals. (Doc. 1 at 1-4). The relief he requests includes:

> "Im request I be allow to file grieves Be allow to all legal access Be allow to see case worker Be allow change of clothing Tee shirt, underware soap, pen stamps envelope large/small, legal calls"

Because he does not seek relief on any theory that is cognizable through a habeas corpus remedy, the Court construes his filing as a civil rights complaint under 42 U.S.C. § 1983. *See Preiser v. Rodriguez*, 411 U.S. 475, 499-500 (1973); *Rael v. Williams*, 223 F.3d 1153, 1154 (10th Cir. 2000). He names, as Defendants, "Main Warden John Doe or Assoc Warden Mr. Lyle, ect" (Doc. 1 at 1).

Since the filing of his original complaint, Mayfield has submitted an amended complaint (Doc. 6) and three motions to amend (Doc. 8, 13, 14). The Court has also received multiple letters from Mayfield containing allegations and argument. (Doc. 4, 10). Although continuing to claim violation of his constitutional rights in the conditions of his confinement, the amended

complaint, motions to amend, and letters set out conclusory allegations involving facilities and officials different from those named in the original complaint. *See, e.g.,* Doc. 13).

Last, Mayfield has filed two motions seeking to consolidate this case with *Earl R. Mayfield v. Craig Cole, et al.*, No. CV 17-00332 WJ/KK. Mayfield argues that the two cases involving the same ongoing claims. However, the allegations in CV 17-00332 relate to a different facility, Northeastern New Mexico Correctional Facility, and different officials than the facility and officials in this case. (*See* CV 17-00332 Doc. 1).

## LEGAL STANDARDS AND ANALYSIS OF PLAINTIFF'S CLAIMS

### 1. Plaintiff's Amended Complaint and Motions to Amend Do Not Meet Fed. R. Civ. P. 8(a) Pleading Requirements

The decision to strike a pleading or to dismiss an action without prejudice for failure to comply with Fed.R.Civ.P. 8 is within the sound discretion of the district court. *See Kuehl v. FDIC*, 8 F.3d 905, 908 (1st Cir.1993); *Atkins v. Northwest Airlines, Inc.*, 967 F.2d 1197, 1203 (8th Cir.1992); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir.1988). In order to state a claim for relief, Rule 8(a) requires a plaintiff's complaint contain "(1) a short and plain statement of the grounds upon which the court's jurisdiction depends, ... (2) a short and plain statement of the claim showing that [he] is entitled to relief, and (3) a demand for judgment for the relief [he] seeks." Fed.R.Civ.P. 8(a). Although the Court is to construe *pro se* pleadings liberally, a *pro se* plaintiff must follow the rules of federal and appellate procedure, *see Ogden v. San Juan County*, 32 F.3d 452, 455 (10th Cir.1994).

A *pro se* complaint may be stricken or dismissed under Rule 8(a) if it is "incomprehensible." *See Carpenter v. Williams*, 86 F.3d 1015, 1016 (10th Cir.1996); *Olguin v. Atherton*, 215 F.3d 1337 (10th Cir. 2000). Rule 8(a)'s purpose is to require plaintiffs to state their claims intelligibly so as to give fair notice of the claims to opposing parties and the court.

*Mann v. Boatright*, 477 F.3d 1140, 1148 (10th Cir. 2007); *Monument Builders of Greater Kansas City, Inc., v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir.1989). Imprecise pleadings undermine the utility of the complaint and violate that purpose of Rule 8. *See Knox v. First Security Bank of Utah*, 196 F.2d 112, 117 (10th Cir. 1952). Rambling and incomprehensible filings bury material allegations in "a morass of irrelevancies" do not meet Rule 8(a)'s pleading requirement of a "short and plain statement." *Mann*, 477 F.3d at 1148; *Ausherman v. Stump*, 643 F.2d 715, 716 (10th Cir.1981).

Moreover, a plaintiff may not seek to amend a complaint in a manner that turns the complaint into a "moving target." It is unreasonable to expect the Court or the defendants continually to have to adapt as the plaintiff develops new theories or locates new defendants. There comes a point when even a *pro se* plaintiff has had sufficient time to investigate and to properly frame his claims against specific defendants. *Minter v. Prime Equipment Co.*, 451 F.3d 1196, 1206 (10th Cir.2006).

Plaintiff's rambling, incomprehensible filings do not comply with the requirements of Rule 8. Plaintiff's filings bury any material allegations in "a morass of irrelevancies" and do not meet Rule 8(a)'s "short and plain statement" pleading requirement. *Mann*, 477 F.3d at 1148; *Ausherman*, 643 F.2d at 716. Further, his motions seeking leave to amend his complaint, in addition to being difficult to follow, turn the proceeding into a constantly moving target. *Minter*, 451 F.3d at 1206.

The Court will strike Plaintiff's Amended Complaint (Doc. 6) and Plaintiff's supplemental filings (Doc. 4, 10) on the grounds that they violate the requirements of Fed. R. Civ. P. 8(a). The Court will also deny Plaintiff's Motions to amend the Complaint (Doc. 8, 13,

14) because the proposed amendments similarly do not comply with the pleading requirements of the Federal Rules of Civil Procedure.

## 2. Plaintiff Mayfield's Original Complaint Fails to State a Claim for Relief

Plaintiff Mayfield is proceeding pro se and *in forma pauperis*. The Court has the discretion to dismiss an *in forma pauperis* complaint *sua sponte* for failure to state a claim upon which relief may be granted under either Fed. R. Civ. P. 12(b)(6) or 28 U.S.C. § 1915(e)(2)(B). Under Fed. R. Civ. P. 12(b)(6) the Court must accept all well-pled factual allegations, but not conclusory, unsupported allegations, and may not consider matters outside the pleading. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Dunn v. White*, 880 F.2d 1188, 1190 (10th Cir. 1989). The court may dismiss a complaint under rule 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged." *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991) (quoting *McKinney v. Oklahoma Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. A claim should be dismissed where it is legally or factually insufficient to state a plausible claim for relief. *Twombly*, 550 U.S. at 570.

Under § 1915(e)(2)(B) the Court may dismiss the complaint at any time if the Court determines the action fails to state a claim for relief or is frivolous or malicious. 28 U.S.C. § 915(e)(2)(B)(2). The authority granted by § 1915 permits the court the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless. *Neitzke v. Williams*, 490 U.S. 319, 327 (1989). *See also Hall v. Bellmon*, 935 F.2d at 1109. The authority to "pierce the veil of the complaint's factual allegations" means that a court is not bound, as it usually is when making a determination based solely on the

5

pleadings, to accept without question the truth of the plaintiff's allegations. *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992). The Court is not required to accept the truth of the plaintiff's allegations but, instead, may go beyond the pleadings and consider any other materials filed by the parties, as well as court proceedings subject to judicial notice. *Denton*, 504 U.S. at 32-33.

In reviewing a pro se complaint, the Court liberally construes the factual allegations. *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992). However, a pro se plaintiff's pleadings are judged by the same legal standards that apply to all litigants and a pro se plaintiff must abide by the applicable rules of court. *Ogden v. San Juan County*, 32 F.3d 452, 455 (10th Cir. 1994). The Court is not obligated to craft legal theories for the plaintiff or to supply factual allegations to support the plaintiff's claims. Nor may the Court assume the role of advocate for the pro se litigant. *Hall v. Bellmon*, 935 F.2d at 1110.

In deciding whether to dismiss the complaint, in whole or in part, the Court is to consider whether to allow plaintiff an opportunity to amend the complaint. Pro se plaintiffs should be given a reasonable opportunity to remedy defects in their pleadings. *Reynoldson v. Shillinger*, 907 F.2d 124, 126 (10th Cir. 1990). The opportunity to amend should be granted unless amendment would be futile. *Hall v. Bellmon*, 935 F.2d at 1109. An amendment is futile if the amended claims would also be subject to immediate dismissal under the rule 12(b)(6) or § 1915(e)(2)(B) standards. *Bradley v. Val-Mejias*, 379 F.3d 892, 901 (10th Cir. 2004).

To state a claim for relief under § 1983, Plaintiff must allege some personal involvement by an identified official in the alleged constitutional violation. *Fogarty v. Gallegos*, 523 F.3d 1147, 1162 (10th Cir. 2008). In a Section 1983 action, it is particularly important that a plaintiff's complaint "make clear exactly *who* is alleged to have done *what to whom*, to provide each individual with fair notice as to the basis of the claim against him or her." *Robbins v. Oklahoma*,

519 F.3d 1242, 1249-50 (10th Cir. 2008) (emphasis in the original). Generalized allegations against "defendants", without identification of actors and conduct that caused the deprivation of a constitutional right, do not state any claim for relief. *Robbins v. Oklahoma*, 519 F.3d at 1249-50.

Applying the § 1915(e)(2)(B) and Fed. R. Civ. P. 12(b)(6) standards, the original Complaint filed by Mayfield fails to state a claim for relief against any Defendant under § 1983. In his Complaint, Mayfield identifies the Defendants as "Main Warden John Doe or Assc Warden Mr. Lyle." (Doc. 1 at 1). Other than the identification on the first page, the Complaint is devoid of any factual allegations of any conduct by either defendant. The Complaint is factually insufficient to state a plausible claim for relief against either named Defendant and will be dismissed for failure to state a claim. *Twombly*, 550 U.S. at 570.

### 3. Plaintiff Will Be Granted Leave to File One Amended Complaint

The Court will grant Mayfield a reasonable opportunity to remedy defects in his pleading. *Reynoldson v. Shillinger*, 907 F.2d at 126. Plaintiff Mayfield will have thirty (30) days from the date of entry of this Order in which to file an amended complaint. The amended complaint may not exceed twenty-five (25) pages in length including attachments or exhibits. He may not include any attachment or exhibit unless the attached document forms the basis of the amended complaint. Fed. R. Civ. P. 10(c); D.N.M. LR-Civ. 10.4.

Plaintiff's amended complaint should be concise and may raise only facts and issues relevant to his allegations of unconstitutional prison conditions at Central New Mexico Correctional Facility. The amended complaint must include all the allegations and supporting material to be considered by the court, and it may not reference or attempt to incorporate material from plaintiff's original complaint. *See* Local Rule 9.2(c). Plaintiff is to refrain from

including unsupported speculation, he must limit the amended complaint to claims that directly concern him, and he may not discuss issues concerning other people. He is to avoid lengthy or irrelevant background information or other excessively long narratives.

Further, Plaintiff must allege some personal involvement by an identified official in the alleged constitutional violation to succeed under § 1983. *Fogarty v. Gallegos,* 523 F.3d 1147, 1162 (10th Cir. 2008). Generalized allegations against "defendants", without identification of actors and conduct that caused the deprivation of a constitutional right, will not state any claim for relief. *Robbins v. Oklahoma,* 519 F.3d at 1249-50. The amended complaint must state the facts of each separate claim and why Plaintiff believes his constitutional rights were violated. He should include identities of individual defendants and their official positions, a description of their actions, and relevant dates, if available. *See Meade v. Grubbs,* 841 F.2d 1512, 1522 (10th Cir.1988). Mayfield should also be aware that, if he is no longer incarcerated at CNMCF, he cannot seek the type of prospective relief he requests in his original Complaint. *Green v. Branson,* 108 F.3d 1296, 1300 (10th Cir.1997) (collecting cases finding prisoner's claims for prospective injunctive relief moot in light of transfer or release from confinement); *Lewis v. Clark,* 577 F. App'x 786, 801 (10th Cir. 2014).

The amended complaint must stand alone and contain all of the plaintiff's claims. *Mink v. Suthers,* 482 F.3d 1244, 1254 (10th Cir.2007). Plaintiff will not be permitted to file anything in this proceeding other than one amended complaint until further order of the Court. *See Fuentes v. Chavez,* 314 Fed. App'x 143, 145 (10th Cir.2009) (there is a limit to how many "bites at the apple" even a pro se party must be given); *see also Steiner v. Concentra, Inc.,* 195 Fed. App'x 723, 727–728 (10th Cir.2006). If Plaintiff fails to file an amended complaint or files an amended

complaint that does not comply with these directions, the Court may dismiss this action with prejudice and without further notice.

### 4. The Court Will Deny Mayfield's Motions to Consolidate

Plaintiff Mayfield has also filed two motions to consolidate this case with *Earl R. Mayfield v. Craig Cole, et al.*, No. CV 17-00332 WJ/KK. (Doc. 9, 12). Consolidation of actions is governed by the provisions of Fed. R. Civ. P. 42(a). Rule 42(a) of the Federal Rules of Civil Procedure provides that "[i]f actions before the court involve a common question of law or fact, the court may ... consolidate the actions." Fed. R. Civ. P. 42(a)(2).

The decision whether to consolidate actions involving common questions of law or fact is committed to the sound discretion of the court. *Shump v. Balka*, 574 F.2d 1341, 1344 (10th Cir.1978). In deciding whether to grant a motion to consolidate, the court should initially consider whether the cases to be consolidated involve a common question of law or fact. If there is a common question, the court should weigh the interests of judicial convenience in consolidating the cases against the delay, confusion, and prejudice that consolidation might cause. See *Servants of the Paraclete v. Great American Insurance Co.*, 866 F. Supp. 1560, 1572 (D.N.M. 1994). The purpose of Rule 42(a) is to give the court broad discretion to decide how cases on its docket are to be administered to promote expedition and economy while providing justice to the parties. Where consolidation will not promote convenience and economy in case administration, the Court properly denies a motion to consolidate. *Shump v. Balka*, 574 F.2d at 1344.

Although it is difficult to decipher Plaintiff Mayfield's filings and ascertain the nature of his claims, it is clear that the claims in this case involve a different prison facility and different officials than the claims in this case. Compare CV Doc. 1 and CV 17-00332, Doc. 1. The two

cases do not appear to involve common questions of fact. Further, even if the legal theories Plaintiff attempts to advance are similar, consolidation would not promote expedition and economy in the administration of the cases. To the contrary, consolidation would result in unnecessary confusion and would be prejudicial to the administration of justice due to the different factual circumstances underlying the two cases. The Court will deny the Motions to Consolidate. *Shump v. Balka*, 574 F.2d at 1344. The Court will also deny Plaintiff's Motion to Compel NENMDF to Comply, which appears to relate to CV 17-00332, as moot in light of the Court's denial of consolidation.

**IT IS ORDERED:**

(1) Plaintiff Earl R. Mayfield's Amended Complaint (Doc. 6) and Plaintiff's letter filings (Doc. 4, 10) are **STRICKEN** for failure to comply with Fed. R. Civ. P. 8(a);

(2) Plaintiff's Motions to amend the Complaint (Doc. 8, 13, 14), Plaintiff's Motion to Order NENMDF to Comply (Doc.11), and Plaintiff's Motions to Consolidate (Doc. 9, 12) are **DENIED**;

(3) Plaintiff's Complaint (Doc. 1) is **DISMISSED** without prejudice;

(4) Plaintiff is granted leave to file one amended complaint that complies with this Memorandum Opinion and Order, not to exceed twenty-five (25) pages in length including exhibits, within thirty (30) days of entry of this Memorandum Opinion and Order;

(5) Plaintiff is prohibited from filing any other document in this proceeding other than the amended complaint until further order of the Court.

SIGNED this 5th day of June, 2017.

ROBERT JUNELL
SENIOR U. S. DISTRICT JUDGE