IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

EARL R. MAYFIELD,

    Plaintiff,

vs.                                           No. CV 17-00237 JAP/CG

MAIN WARDEN JOHN DOE and
ASSC WARDEN MR. LYLE,

    Defendants.

## MEMORANDUM OPINION AND ORDER

The Court evaluates the second Amended Complaint filed by Plaintiff Earl R. Mayfield on July 10, 2017 (Doc. 22) ("Amended Complaint") under 28 U.S.C. § 1915A. The Court determines that some of the claims in the Amended Complaint are barred under the doctrine of *res judicata* and the remaining claims fail to state a valid claim for relief. As a result, the Court will dismiss the entire case with prejudice.

Plaintiff Earl R. Mayfield is proceeding pro se and *in forma pauperis*. He asserts civil rights claims under 42 U.S.C. § 1983 and claims under the Americans With Disabilities Act. Mayfield is a prisoner in state custody. He has been convicted at least seventeen times in New Mexico for crimes including promoting prostitution, trafficking, possession of a controlled substance, burglary, aggravated assault, battery on a peace officer, and child abuse.[1] *See*

---

[1] D-202-CR-1979-31868, D-202-CR-1979-31946, D-202-CR-1982-35303, D-202-CR-1983-36681, D-202-CR-1990-01235, D-202-CR-1992-00791, D-202-CR-1995-03656, D-202-CR-1996-02016, D-202-CR-1996-02149, D-202-CR-1999-00877, D-202-CR-1999-01030, D-202-CR-2005-01584, D-202-CR-2006-02985, D-202-CR-2006-03152, D-202-CR-2006-04577, D-202-CR 2011-00914, and D-202-CR 2012-02229.

1

*Mayfield v. Torres,* No. CV 08-00413 RB/KBM, Doc. 75 at 3-4 (Recommended Resolution). Mayfield has filed a total of thirteen cases in this Court.[2]

Mayfield filed this proceeding as a petition for writ of habeas corpus. (Doc. 1). His initial pleading alleged a laundry list of complaints relating to conditions of incarceration at Central New Mexico Correctional Facility ("CNMCF"), ranging from lack of access to the prison grievance system to medical malpractice to the service of "cold" meals. (Doc. 1 at 1-4). He named, as Defendants, "Main Warden John Doe or Assc Warden Mr. Lyle, ect" (Doc. 1 at 1). Because he did not seek relief that is available in a habeas corpus proceeding, the Court construed his filing as a civil rights complaint under 42 U.S.C. § 1983. *See Preiser v. Rodriguez,* 411 U.S. 475, 499-500 (1973); *Rael v. Williams*, 223 F.3d 1153, 1154 (10th Cir. 2000).

Mayfield submitted a first amended complaint (Doc. 6) and sought to consolidate this case with *Earl R. Mayfield v. Craig Cole, et al.*, No. CV 17-00332 WJ/KK. Mayfield argued that the two cases involved the same ongoing claims. Although it is difficult to parse out Mayfield's claims due to his tendency to submit overlapping contentions in his many cases, the allegations in CV 17-00332 appeared to relate to a different facility and different officials than the facility and officials involved in this case. (*See* CV 17-00332 Doc. 1).

The Court entered a Memorandum Opinion and Order (Doc. 18) on June 5, 2017, denying Mayfield's request to consolidate and dismissing this case for failure to state a claim on which relief can be granted under Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915(e)(2)(B). The Court also granted Mayfield leave to file another amended complaint, which Mayfield then filed on July 10, 2017. (Doc. 22).

---

[2] CV 92-00349 JEC/WD, CV 92-00350 JGB/JHG, CV 98-00699 LCS/JHG, CV 07-00149 JCH/LFG, CV 08-00413 RB/KBM, CV 16-00805 JB/JHR, CV 16-00840 MCA/SCY, CV 17-00193 JCH/KRS, CV 17-00237 JAP/CG, CV 17-00332 WJ/KK, CV 17-00398 MCA/KRS, CV 17-00891 MV/SMV, and CV 17-01190 WJ/GBW.

In his Amended Complaint, Mayfield still names, as Defendants, "Main Warden John Doe & Ass Warden Mr. Lyle." (Doc. 22 at 1). However, he makes no claims against either "Main Warden" or "Ass Warden Mr. Lyle" in the body of the Amended Complaint. Instead, Mayfield refers to "staff," "4B lady sergant Jane Doe," "julie tick tack toe 9999," "caseworker Mr. Cole," "Sgt Aragon," "nurse Stephanie Westerfield, "Lt CJ Germoe," "Sgt Daniel Grant," and "Ms J. Shane." (Doc. 22 at 2-6). In his prayer for relief Mayfield seeks damages against "D.O.C.," "Central NMCF Warden & staff," "Lt Germoe," "Sgt Grant & Nurse Stephanie Westefield." (Doc. 22 at 7).

## I. *Standards for Failure to State a Claim*

The Court has the discretion to dismiss an *in forma pauperis* complaint *sua sponte* for failure to state a claim upon which relief may be granted under either Fed. R. Civ. P. 12(b)(6) or 28 U.S.C. § 1915(e)(2)(B). Under Fed. R. Civ. P. 12(b)(6) the Court must accept all well-pled factual allegations, but not conclusory, unsupported allegations, and may not consider matters outside the pleading. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Dunn v. White,* 880 F.2d 1188, 1190 (10th Cir. 1989). The court may dismiss a complaint under Rule 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged." *Hall v. Bellmon,* 935 F.2d 1106, 1109 (10th Cir. 1991) (quoting *McKinney v. Oklahoma Dep't of Human Services,* 925 F.2d 363, 365 (10th Cir. 1991)). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Twombly,* 550 U.S. at 570. A claim should be dismissed where it is legally or factually insufficient to state a plausible claim for relief. *Twombly*, 550 U.S. at 570.

Under § 1915(e)(2)(B) the Court may dismiss the complaint at any time if the Court determines the action fails to state a claim for relief or is frivolous or malicious. 28 U.S.C. §

3

915(e)(2)(B)(2). The authority granted by § 1915 permits the court the unusual power to pierce the veil of the complaint's factual allegations and to dismiss those claims whose factual contentions are clearly baseless. *Neitzke v. Williams,* 490 U.S. 319, 327 (1989). *See also Hall v. Bellmon,* 935 F.2d at 1109. The authority to "pierce the veil of the complaint's factual allegations" means that a court is not bound, as it usually is when making a determination based solely on the pleadings, to accept without question the truth of the plaintiff's allegations. *Denton v. Hernandez,* 504 U.S. 25, 32-33 (1992). The Court is not required to accept the truth of the plaintiff's allegations but, instead, may go beyond the pleadings and consider any other materials filed by the parties, as well as court proceedings subject to judicial notice. *Denton,* 504 U.S. at 32-33.

In reviewing a pro se complaint, the Court liberally construes the factual allegations. *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992). However, a pro se plaintiff's pleadings are judged by the same legal standards that apply to all litigants and a pro se plaintiff must abide by the applicable rules of court. *Ogden v. San Juan County,* 32 F.3d 452, 455 (10th Cir. 1994). The Court is not obligated to craft legal theories for the plaintiff or to supply factual allegations to support the plaintiff's claims. Nor may the Court assume the role of advocate for the pro se litigant. *Hall v. Bellmon,* 935 F.2d at 1110.

In deciding whether to dismiss a complaint, in whole or in part, the Court is to consider whether to allow plaintiff an opportunity to amend the complaint. Pro se plaintiffs should be given a reasonable opportunity to remedy defects in their pleadings. *Reynoldson v. Shillinger,* 907 F.2d 124, 126 (10th Cir. 1990). The opportunity to amend should be granted unless amendment would be futile. *Hall v. Bellmon,* 935 F.2d at 1109. An amendment is futile if the

amended claims would also be subject to immediate dismissal under the Rule 12(b)(6) or § 1915(e)(2)(B) standards. *Bradley v. Val-Mejias,* 379 F.3d 892, 901 (10th Cir. 2004).

## II. Mayfield's Amended Complaint Fails to State a Claim for Relief and Res Judicata Bars Some Claims

### A. Section 1983 Civil Rights Claims

Plaintiff Mayfield seeks relief for civil rights violations. (Doc. 22 at 1, 7). The exclusive vehicle for vindication of substantive constitutional rights is under 42 U.S.C. § 1983. *See Baker v. McCollan,* 443 U.S. 137, 144 n. 3 (1979); *Albright v. Oliver,* 510 U.S. 266, 271 (1994) (Section 1983 creates no substantive rights; rather it is the means through which a plaintiff may seek redress for deprivations of rights established in the Constitution); *Bolden v. City of Topeka*, 441 F.3d 1129 (10th Cir. 2006). Section 1983 provides:

> "Every person who, under color of any statute, ordinance, regulation, custom, or usage of any State . . .subjects or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . ."

42 U.S.C. § 1983. To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must assert acts by government officials acting under color of law that result in a deprivation of rights secured by the United States Constitution. 42 U.S.C. § 1983; *West v. Atkins*, 487 U.S. 42, 48 (1988). There must be a connection between official conduct and violation of a constitutional right. Conduct that is not connected to a constitutional violation is not actionable under Section 1983. *See Trask v. Franco*, 446 F.3d 1036, 1046 (10th Cir. 2006).

Further, a civil rights action against a public official or entity may not be based solely on a theory of respondeat superior liability for the actions of co-workers or subordinates. A plaintiff must plead that each government official, through the official's own individual actions, has violated the Constitution. *Ashcroft v. Iqbal,* 556 U.S. 662, 676 (2009). In other words, a

plaintiff must allege some personal involvement by an identified official in the alleged constitutional violation to succeed under § 1983. *Fogarty v. Gallegos,* 523 F.3d 1147, 1162 (10th Cir. 2008). In a Section 1983 action, it is particularly important that a plaintiff's complaint "make clear exactly *who* is alleged to have done *what to whom*, to provide each individual with fair notice as to the basis of the claim against him or her." *Robbins v. Oklahoma,* 519 F.3d 1242, 1249-50 (10th Cir. 2008) (emphasis in the original). Nor do generalized statements that defendants caused the deprivation of a constitutional right, without plausible supporting factual allegations, state any claim for relief. *Robbins v. Oklahoma*, 519 F.3d at 1249-50. Applying the 28 U.S.C. § 1915(e)(2)(B) standard, the Court concludes that Plaintiff's Amended Complaint fails to state a claim for relief under § 1983.

**1. The Amended Complaint Does Not State a Claim Against Defendants "Main Warden John Doe & Ass Warden Mr. Lyle" and "Central NMCF Warden"**

Plaintiff Mayfield names "Main Warden John Doe & Ass Warden Mr. Lyle" as Defendants and seeks damages from "Central NMCF Warden." (Doc. 22 at 1, 7). However, his Amended Complaint is devoid of any plausible factual allegations supporting a claim for relief against them. Mayfield does not plead any official conduct by John Doe, NMCF Warden, or Mr. Lyle, nor does he articulate how any acts by them violated a constitutional right. The Amended Complaint does not state any § 1983 claim for relief against "Main Warden John Doe & Ass Warden Mr. Lyle" or against "Central NMCF Warden." *See Ashcroft v. Iqbal,* 556 U.S. at 676.

**2. The Amended Complaint Does Not State a Claim Against "Staff," "4B lady sergant Jane Doe," "julie tick tack toe 9999," "caseworker Mr. Cole," "Sgt Aragon," "Lt Beatty," and "Ms J. Shane"**

Mayfield does not expressly identify "Staff," "4B lady sergant Jane Doe," "julie tick tack toe 9999," "caseworker Mr. Cole," "Sgt Aragon," "Lt Beatty, and "Ms J. Shane" as defendants and does not seek any relief against them. Instead, he makes statements in the body of his

6

Amended Complaint that: "[p]laintiff arrived at CNMCF on 2-2-17 immediately being harrassed by staff" (Doc. 22 at 1); "4B lady sergant Jane Doe start telling other inmates security was only in there because of me" (Doc. 22 at 2); "I was calling prea speaking with one julie tick tack toe 9999 and notifying her on everything that is going on" (Doc. 22 at 3); "i'm met by head caseworker Mr. Cole who threaten me with violence if I don't leave ed. building as im leaving Cole tells Sgt Aragon to write me up" (Doc. 22 at 4); NENMDF Disciplinary officer Lt Beatty [3] still filed several grievances anyway" (Doc. 22 at 6); "this is being investigated by D.O.C. and Ms. J. Shane at SNMCF" (Doc. 22 at 6).

Although the Amended Complaint contains factual statements about most of them, the Amended Complaint does not have any allegation that any of these individuals engaged in conduct that violated a constitutional right. *Fogarty v. Gallegos,* 523 F.3d at 1162. Even if Mayfield intended to assert a cause of action against any of them, his Amended Complaint includes no claim for relief against them. *See Ashcroft v. Iqbal*, 556 U.S. at 676.

**3. The Amended Complaint Fails to State a § 1983 Claim Against "D.O.C."**

Mayfield seeks damages against "D.O.C." (Doc. 22 at 7). Although Mayfield does not define "D.O.C.", based on the context of his Amended Complaint, the Court interprets this to be a reference to the New Mexico Department of Corrections. The Department of Corrections is a state agency. As such, any claims against it are claims against the State of New Mexico. The State is not a "person" within the meaning of 42 U.S.C. § 1983 and, for that reason, there is no remedy against the State under § 1983. The allegations involving the "D.O.C." fail to state a valid claim. *See Will v. Michigan Dep't of State Police,* 491 U.S. 58, 63-64 (1989).

---

[3] At the time the Amended Complaint was filed, Plaintiff Mayfield had been transferred from CNMCF to a different prison facility, Northeast New Mexico Detention Facility. Lt Beatty appears to be a disciplinary officer at the Northeast New Mexico Detention Facility, rather than CNMCF.

**B. The Claims Against "Nurse Stephanie Westerfield, "Lt CJ Germoe," and "Sgt Daniel Grant" are Barred by *Res Judicata***

In the Amended Complaint, Mayfield makes allegations against CNMCF Disciplinary Officer CJ Germoe, Sgt Daniel Grant, and Nurse Stephanie Westerfield. The allegations he makes against them are identical to those he asserted in *Earl R. Mayfield v. Craig Cole, et al.*, No. CV 17-00332 WJ/KK. The claims against Defendants Westerfield, Germoe, and Grant are barred by claim preclusion under the doctrine of *res judicata.*

*Res Judicata* precludes a party from relitigating issues that were or could have been raised in a prior action. *See Rivet v. Regions Bank of La.,* 522 U.S. 470, 476 (1998). Claim preclusion, a sub-category of the doctrine of *res judicata*, bars all claims or theories of recovery arising out of the same transaction, event, or occurrence that was the subject of the prior proceeding. *Nwosun v. Gen. Mills Rests., Inc.,* 124 F.3d 1255, 1257 (10th Cir. 1997). Claim preclusion requires four elements: (1) the prior suit must have ended with a judgment on the merits; (2) the parties must be identical or in privity; (3) the suit must be based on the same cause of action; and (4) the plaintiff must have had a full and fair opportunity to litigate the claim in the prior suit. *Nwosun,* 124 F.3d at 1257; *Scott v. Case Manager Owens (SCF)*, 80 F. App'x 640, 642–43 (10th Cir. 2003); *Jones v. U.S. Dep't of Justice*, 137 F. App'x 165, 168 (10th Cir. 2005).

In this case, Mayfield claims that Lt. CJ Germoe engaged in sexual harassment. (Doc. 22 at 3-4). Mayfield also asserts that Lt. Germoe, Sgt. Daniel Grant, and Nurse Stephanie Westerfield each engaged in a pattern of retaliation by signing off on disciplinary reports and acting as the hearing officer in disciplinary proceedings. (Doc. 20 at 8-9, 11). Mayfield contends that the Defendants' actions constituted cruel and unusual punishment in violation of the Eighth Amendment and violated his Fourteenth Amended rights to due process. (Doc. 22 at 7).

In *Earl R. Mayfield v. Craig Cole, et al.*, No. CV 17-00332 WJ/KK, Plaintiff Mayfield made the same Eighth and Fourteenth Amendment claims against Westerfield, Germoe[4], and Grant based on the identical factual allegations. *See* CV 17-00332 WJ/KK, Doc. 1 at 2; 2 at 1-2; 20 at 2- 3, 8-11. The Court concluded that the allegations did not state a claim under § 1983 and dismissed the claims without prejudice and with leave to amend. *See* CV 17-00332 WJ/KK, Doc. 19. After Mayfield filed an amended complaint, the Court concluded that it still did not state a claim for relief and dismissed it with prejudice. *See* CV 17-00332 WJ/KK, Doc. 22. Mayfield did not appeal the Court's ruling that dismissed his claims in CV 17-00332 and the time to appeal under Fed. R. App. P. 4 has expired.

The four elements of preclusion are met and bar Mayfield's claims against Defendants Westerfield, Germoe, and Grant. First, *Earl R. Mayfield v. Craig Cole, et al.*, No. CV 17-00332 WJ/KK ended with judgment on the merits. Second, the parties in this case, Mayfield, Westerfield, Germoe, and Grant, are identical to the parties in CV 17-00332 WJ/KK. Third, the § 1983 causes of action asserted by Mayfield against Westerfield, Germoe, and Grant were based on the same legal theories and the same factual allegations in both cases. *See Nwosun,* 124 F.3d at 1257. Fourth, Mayfield was given a full and fair opportunity to present his claims in CV 17-00332 WJ/KK. *See Hall v. Bellmon,* 935 F.2d at 1109. Plaintiff Mayfield's claims against Defendants Westerfield, Germoe, and Grant are precluded under the doctrine of *res judicata*. *See Rivet v. Regions Bank of La.,* 522 U.S. at 476.

---

[4] In CV 17-00332, Mayfield variously spelled the name as "Giermoe," "Gemoe," "Giemoe," "Germoe," and "Gemos." See Doc. 20 at 2, 8, 9, 11. The Court used Mayfield's initial spelling of "Giermoe" for purposes of its Memorandum Opinion and Order in that case.

### C. The Complaint Does Not State A Valid Claim Under The Americans With Disabilities Act

Mayfield also alleges that he is proceeding under the "American Disability Act." (Doc. 1 at 1). Title II of the Americans With Disabilities Act ("ADA") provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. This provision extends to prisoners incarcerated in state prison facilities. *See Penn. Dep't of Corr. v. Yeskey,* 524 U.S. 206, 210 (1998). To state a claim under Title II, the plaintiff must allege that (1) he is a qualified individual with a disability, (2) who was excluded from participation in or denied the benefits of a public entity's services, programs, or activities, and (3) such exclusion, denial of benefits, or discrimination was by reason of a disability. *See* 42 U.S.C. § 12132; *Kiman v. N.H. Dep't of Corr.,* 451 F.3d 274, 283 (1st Cir. 2006); *Robertson v. Las Animas Cty. Sheriff's Dep't,* 500 F.3d 1185, 1193–94 (10th Cir. 2007).

A "disability" for purposes of the ADA is defined as "a physical or mental impairment that substantially limits one or more of the major life activities" of an individual. 42 U.S.C. § 12102(2)(A). Individuals attempting to prove disability status under this test may not merely rely on evidence of a medical diagnosis of an impairment. Instead, the ADA requires those seeking protection under the Act to establish a disability by offering plausible facts showing that the extent of the limitation caused by their impairment is substantial. *Albertson's, Inc. v. Kirkingburg,* 527 U.S. 555, 567 (1999); *Robertson v. Las Animas Cty. Sheriff's Dep't,* 500 F.3d at 1194.

With respect to the third element, although discriminatory motive need not be the sole reason for the defendants' alleged actions, it must be a "determining factor." *Carter v.*

*Pathfinder Energy Services, Inc.,* 662 F.3d 1134, 1149 (10th Cir. 2011). Title II allows damages only if a public official intentionally discriminates because of a disability. *See Garcia v. S.U.N.Y Health Services Center of Brooklyn,* 280 F.3d 98, 111–12 (2d Cir. 2001). While a prison official's delay in accommodating an inmate's disability might be negligent, negligence alone cannot support a Title II claim. *Cf. Ashcroft v. Iqbal,* 556 U.S. at 678.

Plaintiff Mayfield generally claims to be disabled and states that he uses a walker. (Doc. 22 at 1). However, he does not specifically identify any physical or mental impairment. Nor does he offer plausible facts tending to show that any such impairment substantially limits one or more major life activities. 42 U.S.C. § 12102(2)(A). To the contrary, his Amended Complaint tends to refute his claim:

> "so I continue to write informal complaints and yell & scream, kick my door everytime as security staff pass the door in retaliation, exercising all my civil rights."

(Doc. 22 at 2). Mayfield does not plausibly allege the first two elements of an ADA claim.

Further, even if Mayfield's allegations were sufficient to state a claim on the first two elements, the Amended Complaint fails on the third element. Nowhere in the Amended Complaint does Mayfield allege that he was intentionally discriminated against by prison officials because he is disabled or that disability discrimination was a motivating factor in any of the claimed conduct. *See Carter v. Pathfinder Energy Services, Inc.,* 662 F.3d at 1149. The Amended Complaint does not state a plausible claim for relief under the ADA. *See Ashcroft v. Iqbal,* 556 U.S. at 678.

### III. *The Court Will Not Grant a Third Opportunity to Amend*

Plaintiff Mayfield filed his original Complaint in this case on February 15, 2017. (Doc. 1). Mayfield submitted an amended complaint on March 13, 2017. (Doc. 6). The Court

dismissed his original Complaint and the amended complaint for failure to state a claim on which relief can be granted, but allowed Mayfield the opportunity to cure the defects in his first two complaints. (Doc. 18). His second Amended Complaint similarly fails to state a claim for relief. Further, Mayfield has raised the same claims in other proceedings before this Court, and those claims have also been dismissed for failure to state a valid claim for relief. *See, e.g.*, *Mayfield v. Cole, et al.,* No. CV 17-332 WJ/KK, Doc. 19, 22.

Plaintiff Mayfield has been given several opportunities to cure the defects in his pleadings and has failed to state any cognizable claim for relief. Based on the record in this and Mayfield's other cases, any further amendment would be futile. *See Hall v. Bellmon,* 935 F.2d at 1109. The Court will dismiss Mayfield's Amended Complaint with prejudice and without leave to amend.

**IT IS ORDERED** that the second Amended Complaint (Doc. 22) will be **DISMISSED** with prejudice for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B) and as barred by *res judicata*.

_____
SENIOR UNITED STATES DISTRICT JUDGE